SOUTHERN RAILWAY COMPANY AND LOUISVILLE & NASHVILLE
RAILROAD COMPANY *v.* CLAIBORNE COUNTY.*

(*Knoxville.*   September Term, 1927.)

Opinion filed March 17, 1927.

**1. TAXATION.   COUNTY HAS NO INHERENT POWER.   PUR-
POSE OF LEVY MUST BE STATED.   REASON.**

A county has no inherent power of taxation, but may exercise only
that power to tax which is conferred upon it by the legislature,
and an order of the Quarterly County Court levying a special
tax should state the purpose for which the levy is made, in
order that the taxpayers may be able to challenge it, if it be
for a purpose not authorized by law, or to compel the application
of the proceeds to the purpose for which it was levied.   (Post,
p. 74.)

Citing:  Railroad v. Hamblen County, 115 Tenn. (7 Cates), 526.

**2. TAXATION.   SINKING FUND.   ORDER LEVYING SUF-
FICIENT.**

Where a county has outstanding interest bearing bonds for $700,-
000 issued for road and bridge purposes, under authority of three
enabling acts which provide that it shall be the duty of the
Quarterly County Court of said county to levy a tax annually on
the taxable property and privileges of the county sufficient for
the purpose of paying the semi-annual interest on said bonds, and
also for the purpose of creating a sinking fund for the redemption
of said bonds when the same shall fall due "in such sum as the
county court may determine," a resolution of said court as fol-
lows: "Amount levied by county for sinking fund 25c on the
$100" is sufficiently definite.   (Post, p. 74.)

Citing: Private Acts 1901, ch. 394; Private Acts 1915, ch. 69; Private
Acts 1919, ch. 398.

3. **TAXATION. SINKING FUND. DEFINITION.**

The law of this country has impressed upon the term "sinking fund" the technical signification of a fund arising from particular taxes, imposts or duties which is appropriated toward the payment of the interest due on a public debt, and for the gradual payment of the principal and when the term is used in a statute it must be understood to have been used in its technical sense. (Post, p. 75.)

Citing: State ex rel. v. Sinking Fund Commissioners, 1 Shannon's Tennessee Cases, pp. 490-500.          .

4. **TAXATION. SINKING FUND. PRESUMPTION OF LEGAL-ITY OF LEVY.**

A county having special authority under a statute for levying a tax for the creation of a sinking fund, and there being no language of the resolution levying such a tax, or the minutes of the county court indicating a contrary supposition, it will be conclusively presumed that the sinking fund created by the special tax was intended by the county court to be that fund which the county was authorized to create by the statute referred to. (Post, p. 75.)

5. **TAXATION. SINKING FUND. LEVY. AMOUNT. DISCRETION OF COUNTY COURT.**

Where separate acts do not limit the amount of a special levy for a sinking fund, but authorize the county to levy a tax "in such sum as the county court may determine," it is within the discretion of the county court to create a single fund by means of a single tax, for the payment of the interest and the redemption of the principal amount of the several bond issues authorized by the different Acts. (Post, p. 76.)

6. **TAXATION. WAR MEMORIAL. TIME WARRANTS. SPECIAL LEVY.**

An act of the legislature which authorized the several counties to appropriate a sum not in excess of $25,000 for the erection of a permanent monument or building, in appreciation of the valor of soldiers and marines of that county who served in the World War, did not authorize the county to borrow money for such purpose, and without express legislative authority the county would

not be authorized to levy a special tax for the payment of warrants so issued.   (Post, p. 77.)

Citing: Public Acts of 1919, ch. 10; Railroad v. Hamblen County, 115 Tenn. (7 Cates), 526-535.

**7. TAXATION. EXTRINSIC EVIDENCE. IMPEACHMENT OF LEGISLATIVE INTENT.**

Where it cannot be inferred from the minutes of the county court, containing a legal tax levy, that the tax so levied will be diverted to a purpose not authorized, extrinsic evidence cannot be resorted to for the purpose of impeaching the legislative intent of the county as expressed by said minutes.   (Post, p. 77.)

---

## FROM CLAIBORNE.

---

Appeal from the Chancery Court of Claiborne County. —Hon. J. H. Wallace, Chancellor.

Montgomery, Donaldson & Montgomery and J. R. Ketron, for plaintiff in error.

J. H. S. Morrison and John P. Rogers, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

The petitioners, Southern Railway Company and Louisville & Nashville Railroad Company, filed separate bills in the chancery court of Claiborne County to enjoin the execution of distress warrants issued by the county trustee for the collection of a special tax.

The two cases were consolidated for purposes of trial, and upon the hearing before the Chancellor it was decreed that the petitioners were liable for the special tax, and a decree for the amount thereof was rendered against each petitioner. These decrees were affirmed by the Court of Appeals, and the cause is now pending before this court on petition for the writ of *certiorari* to review the action of the Court of Appeals.

The validity of the special tax is assailed on the single ground that the purpose for which it was levied was stated in the resolution of the county quarterly court containing the levy so insufficiently or defectively as to render the special levy void for uncertainty.

(1) The principle invoked by the petitioners is stated in the opinion of this court in *Southern R. Co.* v. *Hamblen County,* 115 Tenn., 526, wherein it was held that a county has no inherent power of taxation, but may exercise only that power to tax which is conferred upon it by the State, acting through the General Assembly, and that an order of the county quarterly court levying a special tax should state the purpose for which the levy is made, in order that the taxpayers may be able to challenge it, if it be for a purpose not authorized by law, or to compel the application of the proceeds of the tax to the purpose for which it was levied, in the event a diversion to some other object is attempted.

(2) The language of the resolution of the county court levying the tax now in issue is as follows: "Amount levied by county for sinking fund, 25 cents on $100."

This levy was made for the year 1924. At that time Claiborne county had issued interest-bearing bonds of the county, for road and bridge purposes, to an amount in excess of $700,000. These bonds were issued under

the authority of special acts applicable to Claiborne coun-ty, as follows: Private Acts 1901, c. 394, Private Acts 1915, c. 69, and Private Acts 1919, c. 398. Chapter 398 of the Private Acts of 1919 provides, in section 7, as follows:

"That it shall be the duty of the quarterly county court of said county to levy a tax annually on the taxable property and privileges of said county sufficient for the purpose of paying the semiannual interest on said bonds, and also for the purpose of creating a sinking fund for the redemption of the said bonds herein authorized when the same shall fall due, in such sum as the county court may determine."

Each of the other two enabling acts contains substantially the same provisions authorizing the creation of a sinking fund.

(3) In the case of *State ex rel.* v. *Sinking Fund Commissioners,* decided by this court in 1875, and reported in 1 Shan. Tenn. Cas. at pages 490, 500, this court defined the term "sinking fund" as follows:

"The law in this country has impressed upon the term 'sinking fund,' a fixed, technical signification. It is a fund arising from particular taxes, imposts or duties, which is appropriated towards the payment of the interest due on a public debt, and for the 'gradual payment of the principal.' 2 Bouv. L. D. 524, 'Sinking Fund' (15th Ed., p. 642). When the term sinking fund is used in a statute it must be understood to have been used in its technical sense."

(4) The legislative history of this State in recent years tends only to confirm the definition contained in the foregoing quotation. At the time of the adoption of the resolution of the quarterly county court levying the

special tax for a sinking fund, the county had express authority under three special statutes for levying such a tax and for the creation of a sinking fund. There being no language of the resolution or the minutes of the county court indicating a contrary supposition, it will be conclusively presumed that the sinking fund created by the special tax was intended by the county court to be that fund which the county was authorized to create by the statutes referred to. The amount of the special levy authorized in each of the three special statutes above cited is not limited, but the county is authorized to levy the tax "in such sum as the county court may determine." We think it was within the discretion of the county court to create a single fund by means of a single tax, for the payment of the interest and the redemption of the principal amount of the several bond issues so authorized. We are not considering, however, a statute which contains a mandatory provision for the levying of a special tax at a given rate for a single bond issue.

(5) Proof was offered by the petitioners that, at the time the levy in question was made, the county had an outstanding indebtedness of $25,000, represented by interest-bearing warrants of the county, issued to obtain money with which to erect a memorial school building, authorized by chapter 10 of the Public Acts of 1919. That act authorized the county court of the several counties to appropriate a sum of money not in excess of $25,000 for the erection of a permanent monument or building, in appreciation of the bravery and valor of the soldiers, sailors, and marines of such county who served in the World War. This act did not, however, authorize the county to borrow money for such purpose, and without express legislative authority therefor, the county

would not be authorized to levy a special tax for the payment of the warrants so issued. *Railroad Co.* v. *Hamblen County,* 115 Tenn., 526, 535.

*(6)* Petitioners have undertaken to show that the proceeds of the special tax now under consideration will be in excess of the amount needed for the interest payments on the outstanding bond issues, and seek, by implication, to make it appear that the special tax was levied in part for the purpose of meeting the interest-bearing warrants above mentioned.

*(7)* We do not think such purpose can be inferred from the minutes of the county court containing the special levy, and extrinsic evidence cannot be resorted to for the purpose of impeaching the legislative intent of the county as expressed on the minutes of its quarterly court.

The petition for *certiorari* will be denied at the costs of the petitioners.