Ragon *et al. v.* Thrasher *et al.*

(*Knoxville,* September Term, 1951.)

Opinion filed July 11, 1952.

Rehearing denied December 5, 1952.

GRAHAM & VAN DERVEER, of Chattanooga, for complainants.

ROBERT P. FRIERSON and THOMAS S. MYERS, both of Chattanooga, and ALBERT WILLIAMS, of Nashville, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Complainants as taxpayers and members of the County Court of Hamilton County assailed the constitutionality of Chapter 156, Private Acts of 1941, commonly referred to as the Hamilton County Council-Manager Act, on numerous grounds, including contravention of general statutes, delegation of powers, appointment by the council of county officers rather than by election by the county court or the people, and that the body of the Act is broader than the caption.

The defendants interposed a demurrer which was sustained by the Chancellor.

The purpose of the Act in question is to reorganize the government and administration of Hamilton County.

The county has been acting under this statute for more than ten years.

It might be stated at this point that similar acts enacted for the same purpose and with like provisions have been in force for years and their validity has been upheld by the Court. *Prescott* v. *Duncan,* 126 Tenn. 106, 148 S. W. 229; *Troutman* v. *Crippen,* 186 Tenn. 459, 212 S. W. (2d) 33; *Crewse* v. *Beeler,* 186 Tenn. 475, 212 S. W. (2d) 39; *Donathan* v. *McMinn County,* 187 Tenn. 220, 213 S. W. (2d) 173; *House* v. *Creveling,* 147 Tenn. 589, 250 S. W. 357; *Hicks* v. *Rhea County,* 189 Tenn. 383, 225 S. W. (2d) 544.

■ It is insisted that the Chancellor erred in holding that the County Manager is an employee rather than a county officer. We think that under the Act, the County Manager is an employee and therefore the provision for his appointment by the council does not violate Article XI, Sec. 17 of the Constitution, providing that a county officer shall be elected by the County Court or the people.

■ It is further insisted that the Chancellor erred in holding that the caption of the Act does not embrace more than one subject.

The Act has only one subject and that is "to reorganize the government and administration of Hamilton County". The other provisions in the Act are necessary to the accomplishment of the single purpose of the administration of Hamilton County. *Crewse* v. *Beeler,* supra; *Hunter* v. *Conner,* 152 Tenn. 258, 269, 277 S. W. 71; *Hicks* v. *Rhea County,* supra.

■ It is also insisted that the Act is invalid because it contravenes general statutes which provide a quarterly county court form of government for the remainder of the counties of the state by divesting rights and powers

out of the county court. The purpose of the present Act is to change the agency to govern and administer the affairs of the county. Such change does not contravene any general statute. *Troutman* v. *Crippen,* 186 Tenn. 459, 212 S. W. (2d) 33.

We have considered all the assignments of error and find them without merit. The decree of the Chancellor is affirmed.