# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs November 15, 2010

## CLAUDE RAMSEY, MAYOR OF HAMILTON COUNTY, TENN., ET AL. v. TENN. DEPARTMENT OF HUMAN SERVICES ET AL.

### Appeal from the Chancery Court for Davidson County
No. 08-1159-III      Ellen H. Lyle, Chancellor

### No. M2010-00830-COA-R3-CV - Filed January 5, 2011

The Hamilton County mayor and members of the county commission filed suit against the Tennessee Department of Human Services seeking judicial review of an administrative decision holding that the county penal farm's commissary and vending machines and the vending facilities at another county building were subject to DHS's statutory priority regarding blind vendors. The chancellor affirmed the administrative decision, and we affirm the chancellor's decision.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Hugh Jacob Moore, Jr., David Aaron Love, Rheubin M. Taylor, and Mary Neill Southerland, Chattanooga, Tennessee, for the appellants, Claude Ramsey, Curtis Adams, Greg Beck, John Brooks, Richard Casavant, Jim Copinger, Larry Henry, Bill Hullander, Warren Mackey, and Fred Skillern.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Pamela A. Hayden-Wood, Senior Counsel; for the appellee, State of Tennessee, Department of Human Services.

# OPINION

## FACTUAL AND PROCEDURAL BACKGROUND

Hamilton County owns and operates the Silverdale Detention Center ("Silverdale") and the M. L. King Jr. Building ("MLK") in Chattanooga. The Tennessee Department of Human Services ("DHS") administers a business enterprise program for the blind, the Tennessee Business Enterprises Program ("TBE"). In November 2006, TBE notified the warden at Silverdale that TBE wished to exercise its statutory priority to manage and operate the commissary and vending machines at the workhouse facility. TBE also informed the county of its intent to exercise its priority to operate the vending machines at MLK. The county refused to allow the blind vendors program to operate the commissary at Silverdale or the vending machine services at Silverdale or MLK.

On July 31, 2007, DHS filed a complaint with the Secretary of State against Claude Ramsey, Mayor of Hamilton County, pursuant to Tenn. Code Ann. § 71-4-507.[1] DHS sought to require the county to honor DHS's statutory priority under Tenn. Code Ann. § 71-4-501 *et seq.* and requested that the county be directed to turn over to it for operation by a blind vendor the commissary operations and vending machines at Silverdale and the vending facilities at MLK. DHS filed a motion for summary judgment in September 2007. In opposing the motion, the county argued that Tenn. Code Ann. § 71-4-501 *et seq.* did not supersede or modify statutory provisions relative to the power and authority of the county mayor, county legislative body, or county sheriff.

In an initial order entered on February 12, 2008, the administrative law judge granted DHS's motion for summary judgment. The ALJ rejected the county's assertion that there was a conflict between § 71-4-501 *et seq.* and statutes granting county officials authority over properties owned and maintained by the county. It was ordered that "the Hamilton County Penal Farm inmate commissary and all vending machines in the M.L. King Building are subject to the statutory priority granted to DHS pursuant to T.C.A. § 71-4-501 *et seq.*" The county filed a motion to reconsider the initial order; the motion to reconsider was denied on March 11, 2008.

On May 23, 2008, Mayor Ramsey, the members of the Hamilton County Board of Commissioners, and the Sheriff of Hamilton County filed this appeal in chancery court against DHS, Division of Vocational Rehabilitation Services' Business Enterprise Program

---

[1] Tenn. Code Ann. § 71-4-507 provides that, if there is a dispute between DHS and the management of public property concerning the blind vendors program, either party may file a complaint with the Secretary of State.

for the Blind pursuant to Tenn. Code Ann. § 4-5-322 *et seq.* The county argued that DHS was attempting to usurp the statutory authority of the mayor, the county commission, and the sheriff. It further asserted that DHS's actions would infringe upon the county's contractual agreement with the Corrections Corporation of America ("CCA") for the operation and management of Silverdale and that these actions would have an adverse financial impact on the county.

Although the county's complaint was initially dismissed for failure to file a timely response to a motion filed by DHS, the court subsequently granted the county's motion to alter or amend and set aside the order of dismissal, except that the sheriff was not permitted to proceed as a party since he was not a party to the administrative proceedings. The county filed a notice that it was challenging the constitutionality of Tenn. Code Ann. § 71-4-501 *et seq.* as being in violation of Article XI, Section 8 of the Tennessee Constitution.

In a memorandum and order entered on July 28, 2009, the court dismissed the petitioners' constitutional claim and affirmed the decision of the ALJ. The court concluded that the statutes regarding blind vendors were not inconsistent with the statutes cited by the petitioners (Tenn. Code Ann. §§ 8-8-201(a), 41-4-101, 5-5-121, 5-7-101, 5-7-116, and 41-2-101(a)) and applied to areas not generally accessible to the public.

The petitioners filed a motion to alter or amend asserting that the court had failed to address their arguments in reliance on Chapter 156 of Tennessee's Private Acts of 1941. In an amended motion to alter or amend, the petitioners raised additional issues, including the county's right to an administrative hearing on all issues, the effect of pre-existing contracts, and whether the blind vendor provisions should apply where the vendor receives no income.[2] In a memorandum and order entered on March 11, 2010, the court granted the petitioners' motion to alter or amend "only to the extent that this case is remanded to the Administrative Law Judge to reopen the summary judgment proceedings and reconsider the petitioners' defense that a precondition to application of the blind vendor priority [the expiration or change of existing contracts with third-party vendors] was not satisfied in this case." The court rejected all of the petitioners' other grounds to alter or amend, including their argument that Tenn. Code Ann. § 71-4-501 *et seq.* were inconsistent with the 1941 private act.

---

[2]According to the petitioners, CCA received no income from its operation of the inmate commissary at Silverdale because the county appropriated those funds for inmate services.

On appeal, the county makes two arguments: (1) The 1941 private act granting the county authority over its buildings prevails over the blind vendor statutes; and (2) the statute giving the county authority over its workhouses supersedes the blind vendor statutes.[3]

STANDARD OF REVIEW

Pursuant to Tenn. Code Ann. § 71-4-507(a), disputes between a local government and DHS concerning the blind vendor provisions are governed by the Uniform Administrative Procedure Act ("UAPA"), Tenn. Code Ann. § 4-5-301 *et seq.* The applicable standard of review is found at Tenn. Code Ann. § 4-5-322(h):

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (5) (A) Unsupported by evidence that is both substantial and material in the light of the entire record.
>
> (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court

---

[3]This appeal does not involve the pre-existing contract issue remanded by the chancery court to the ALJ. DHS filed a motion in this court to dismiss the appeal for lack of a final judgment. On April 29, 2010, we denied the motion to dismiss and stated as follows:

> An order remanding a case to an administrative law judge for further proceedings constitutes a final appealable judgment. The order in this case resolves all claims between the parties that were pending before the trial court and leaves nothing else for the trial court to do. The fact that further proceedings may occur between the parties in a different forum does not affect the finality of the order in the trial court.

shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

The UAPA's narrow standard of review for an administrative body's factual determinations "suggests that, unlike other civil appeals, the courts should be less confident that their judgment is preferable to that of the agency." *Wayne County v. Tenn. Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 279 (Tenn. Ct. App. 1988). This court, like the trial court, must apply the substantial and material evidence standard to the agency's factual findings. *City of Memphis v. Civil Serv. Comm'n*, 239 S.W.3d 202, 207 (Tenn. Ct. App. 2007); *Bobbitt v. Shell*, 115 S.W.3d 506, 509-10 (Tenn. Ct. App. 2003).

With respect to questions of law, our review is de novo with no presumption of correctness. *County of Shelby v. Tompkins*, 241 S.W.3d 500, 505 (Tenn. Ct. App. 2007). Issues of statutory construction present questions of law and are therefore reviewed de novo with no presumption of correctness. *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009).

ANALYSIS

I.

The county's first argument is that the 1941 private act granting the county authority over its buildings prevails over the blind vendor statutes.

We begin with a summary of the two acts in question. Chapter 156 of the Private Acts of 1941 was enacted in order to "reorganize the government and administration of Hamilton County." *Ragon v. Thrasher*, 253 S.W.2d 31 (Tenn. 1952). Section 4 of the act gives the county commission "direct authority over all county activities falling within its jurisdiction and specifically including . . . public buildings and grounds, . . . [and] workhouses . . . ." 1941 TENN. PRIV. ACTS 507, ch. 156, § 4. While this private act has been amended over the years, the specific provisions at issue here have not been amended.

Tenn. Code Ann. §§ 71-4-501–71-4-509 were enacted in 1994 but were derived from provisions originally enacted in 1967. The purpose of these provisions is "to grant to blind individuals a priority in the establishment and operation of vending facilities on public property in this state." Tenn. Code Ann. § 71-4-501. Whenever new facilities are to be built "by the state or on any other public property or when any existing contracts expire or are changed in any way," DHS is to be notified so that it can decide whether to exercise its priority to establish a vending facility there. Tenn. Code Ann. § 71-4-503(a).

We reject the county's argument that the provisions of Chapter 156 of the 1941 private acts supersede the provisions of Tenn. Code Ann. § 71-4-501 *et seq.*  It is a well-settled principle of statutory construction that "[s]pecific provisions relating to a particular subject must govern in respect to that subject, as against general provisions in other parts of the law which otherwise might be broad enough to include it." *Cont'l Tenn. Lines, Inc. v. McCanless*, 354 S.W.2d 57, 58-59 (Tenn. 1962); *see also State v. Davis*, 173 S.W.3d 411, 415 (Tenn. 2005); *Goodman v. City of Savannah*, 148 S.W.3d 88, 92 (Tenn. 2003).  After citing this principle, the county characterizes Chapter 156 as an act "applying specifically and only to [Hamilton County]" and describes Tenn. Code Ann. § 71-4-501 *et seq.* as "a general scheme of preferences to blind vendors."  The county's argument represents a misapplication of the above-cited principle of statutory construction.  Tenn. Code Ann. § 71-4-501 *et seq.* are specific provisions addressing the particular topic of blind vendors, and Chapter 156 represents general enabling legislation for Hamilton County encompassing multiple subject areas.  Thus, the provisions of Tenn. Code Ann. § 71-4-501 *et seq.* prevail over the general provisions of Chapter 156.[4]

We agree with the chancellor's conclusion that the provisions of Tenn. Code Ann. § 71-4-501 *et seq.* are not inconsistent with the general grant of authority to the county in Chapter 156.  In the event of an irreconcilable conflict, however, "the later general statutory plan of statewide applicability . . . must be held to have superseded and repealed by implication the earlier private act." *Hayes v. Gibson County*, 288 S.W.3d 334, 338 (Tenn. 2009); *see also State ex rel. Strader v. Word*, 508 S.W.2d 539, 547 (Tenn. 1974).[5]

II.

The county next argues that the statute giving the county authority over its workhouses supersedes the blind vendor statutes.

The statute upon which the county relies, Tenn. Code Ann. § 41-2-101, authorizes counties, through their county legislative bodies, to "establish, construct and maintain . . . workhouses, as the legislative bodies may, in their discretion and wisdom, deem advisable

---

[4]The county's position--that Chapter 156 constitutes specific legislation because it applies only to Hamilton County and should therefore prevail over the provisions of Tenn. Code Ann. § 71-4-501 *et seq.*-- conflicts with Article XI, Section 8 of the Tennessee Constitution, which generally prohibits the legislature from suspending the general law through special legislation. *See Knox County Educ. Assoc. v. Knox County Bd. of Educ.*, 60 S.W.3d 65, 76 (Tenn. Ct. App. 2001).

[5]The county's argument that Chapter 156 is somehow the later act because it has been amended as recently as 2010 is without merit.  The grant of authority in Section 4 of Chapter 156 has not been amended since 1941.

for the best interest of the county." Tenn. Code Ann. § 41-2-101(a). The county argues that these provisions give the county "plenary authority to operate workhouses" and that Hamilton County has chosen to operate its workhouse commissary so that any profits generated are used for the benefit of inmates and no monies are available to support the blind vendors program. According to the county's reasoning, Tenn. Code Ann. § 41-2-101 supersedes the provisions applicable to blind vendors in Tenn. Code Ann. § 71-4-501 *et seq.*

For reasons similar to those discussed in part I above, the county's argument is without merit. Tenn. Code Ann. § 41-2-101 is a general enabling statute authorizing counties to operate workhouses. Tenn. Code Ann. § 71-4-501 *et seq.* establish a specific statutory scheme to provide blind individuals with "the greatest possible opportunities to operate . . . vending facilities [on public property] so that they may become self-supporting." Tenn. Code Ann. § 71-4-501. The specific statute must prevail over the general statute. *Cont'l Tenn. Lines*, 354 S.W.2d at 58-59.

Statutes regarding the same subject matter "are to be read together, in order to advance their common purpose or intent." *State v. Davis*, 173 S.W.3d at 414. In interpreting statutes, we are to avoid a construction that places one statute in conflict with another, and "where a reasonable construction exists, we must resolve any possible conflict between statutes in favor of each other so as to provide a harmonious operation of the laws." *Cronin v. Howe*, 906 S.W.2d 910, 912, 914 (Tenn. 1995). The provisions of Tenn. Code Ann. § 71-4-501 *et seq.* do not conflict with the county's authority to establish a workhouse or to "provide the lands, buildings and articles of any kind as may be necessary for a workhouse for the county." Tenn. Code Ann. § 41-2-101(b). In operating its workhouse, a county must comply with the blind vendor provisions, as it must comply with other applicable laws. Furthermore, to the extent there is any conflict, the specific statutes applicable to blind vendors on public property must prevail over the general provisions regarding county workhouses.

CONCLUSION

The chancellor's judgment is affirmed in all respects. Costs of appeal are assessed against the appellants, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE