Talmadge CARVER, et al.,
Plaintiffs/Respondents,

v.

CITIZEN UTILITIES COMPANY d/b/a
Citizens Telecommunications Company
of Tennessee, Defendant/Petitioner.

Supreme Court of Tennessee,
at Nashville.

Oct. 27, 1997.

R. Eddie Wayland, M. Kim Vance, Jonathan G. Chance, Nashville, for Defendant/Petitioner.

Pamela L. Reeves, Knoxville, for amicus curiae, Tennessee Municipal League Risk Management, The City of Knoxville, and Knoxville Mayor Victor Ashe.

Ronald C. Koksal, Knoxville, Jon Edward Jones, Cookeville, for Plaintiffs/Respondents.

## OPINION

HOLDER, Justice.

This case comes to us on a certified question of law. The plaintiffs, Talmadge G. Carver, Everett L. Bolin, Jr., Earlene G. Hart, and Melinda D. Robinson, filed suits in the United States District Court for the Middle District of Tennessee alleging violations of the Age Discrimination and Employment Act (ADEA), the Employment Retirement Income Security Act (ERISA), and the Tennessee Human Rights Act (THRA). They seek punitive damages under the THRA. The defendants, Citizens Utilities Company d/b/a Citizens Telecommunications Company of Tennessee, filed motions to dismiss the plaintiffs' claims for punitive damages. The district court has certified the following question for our resolution: whether punitive damages are available under the THRA? We accepted certification and hold that punitive damages are available under the THRA only for claims involving discriminatory housing practices and malicious harassment.

The issue before us is purely a matter of statutory construction. The certified facts relevant to our analysis are that the respondents seek punitive damages under the THRA for age discrimination.

The THRA is an anti-discrimination statute and is codified at Tenn.Code Ann. §§ 4–21–101 to –905 (1991 Repl. & 1996 Supp.). The remedies for violations of the THRA are provided for in Tenn.Code Ann. §§ 4–21–306 & –311. (1991 Repl. & 1996 Supp.). Section 4–21–306 embodies the remedies that the Human Rights Commission is authorized to order. The relevant portions of § 4–21–306 are as follows:

Affirmative action ordered under this section may include, but is not limited to:

.     .     .     .     .

(8) Such other remedies as shall be necessary and proper to eliminate all of the discrimination identified by the evidence submitted at the hearing or in the record;

Section 4–21–311 sets forth the remedies available to a claimant electing to pursue a THRA claim in court and provides in pertinent part:

(a) Any person injured by any act in violation of the provisions of this chapter shall have a civil cause of action in chancery court or circuit court.

(b) In such an action the court may issue any permanent or temporary injunction, temporary restraining order, or any other order and may award to the plaintiff actual damages sustained by such plaintiff, together with the costs of the lawsuit, including a reasonable fee for the plaintiff's attorney of record, all of which shall be in addition to any other remedies contained in this chapter.

(c) In cases involving discriminatory housing practices, the court may award punitive damages to the plaintiff, in addition to the other relief specified in this section and this chapter. In addition to the remedies set forth in this section, all remedies described in § 4–21–306, except the civil penalty described in § 4–21–306(a)(9), shall be available in any lawsuit filed pursuant to this section.

Plaintiffs argue that punitive damages are available under the "catch all" provision in Tenn.Code Ann. § 4–21–306(8). They maintain that punitive damages are "necessary and proper to eliminate all discrimination." The defendants, however, assert that the "plain language of the THRA restricts punitive damages to victims of housing discrimination."

■ Our goal is to adopt a reasonable construction which avoids statutory conflict and provides for harmonious operation of the laws. *Cronin v. Howe*, 906 S.W.2d 910, 912 (Tenn.1995); *Epstein v. State*, 211 Tenn. 633, 366 S.W.2d 914 (1963). Statutes relating to the same subject or sharing a common purpose shall be construed together ("in *pari materia*") in order to advance their common purpose or intent. *Lyons v. Rasar*, 872 S.W.2d 895, 897 (Tenn.1994).

Punitive damages appear to be implicitly available under § 4–21–306(8). When, however, § 4–21–306(8) and 4–21–311(c) are read in *pari materia*, the viability of punitive damages under § 4–21–306(8) becomes questionable. The legislature has expressly authorized punitive damages in § 4–21–311(c). Section 4–21–311(c), however, is applicable only in "cases involving discriminatory housing practices." Moreover, § 4–21–311(c) provides that punitive damages are available "[i]n addition to ... all remedies described in § 4–21–306."

■ The legislature has further demonstrated an ability to clearly indicate, by express language, when punitive damages are available under the THRA. Both Tenn.Code Ann. §§ 4–21–311(c) and 4–21–312 expressly authorize awards of punitive damages in cases involving discriminatory housing practices. *See also* Tenn.Code Ann. § 4–21–701 (1996 Supp.) (stating expressly that punitive damages are available for malicious harassment under THRA). A rule of statutory construction is that the mention of one subject in a statute means the exclusion of other subjects that are not mentioned. *State v. Davis*, 940 S.W.2d 558, 561 (Tenn.1997); *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 794 (Tenn.1996); *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn.1991). Omissions are significant when statutes are express in certain categories but not others. *Id.*

■ We have read § 4–21–306 and § 4–21–311 in *pari materia* and find that punitive damages are not available under § 4–21–306(8). Had the legislature intended puni-

tive damages to be available in § 4–21–306(8), it would not have referred to punitive damages as a remedy in "addition to" those "remedies described in § 4–21–306." We hold that punitive damages under the THRA are available only in cases involving discriminatory housing practices and malicious harassment absent express provision authorizing punitive damages in other areas.

The clerk will transmit a copy of this opinion in accordance with Tenn. R.Supr. Ct., Rule 23(8). The costs in this court shall be taxed to the respondents.

ANDERSON, C.J., and DROWOTA, REID and BIRCH, JJ., concur.