IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted on Briefs July 29, 2010

## LYNNE PILKERTON HUDSON
v.
## FOSTER EUGENE HUDSON, SR.

**Appeal from the Chancery Court for Carroll County**
**No. 08-DR109     Ron E. Harmon, Chancellor**

**No. W2010-00847-COA-R9-CV - Filed October 12, 2010**

This is an interlocutory appeal involving intercounty transfer of post-divorce matters. The divorce was granted in Carroll County, Tennessee. The mother and the parties' minor child reside in Davidson County, Tennessee. The father once resided in Carroll County, but has since moved to Georgia. The father filed a motion in the Carroll County trial court seeking modification of child support, alimony, and the parenting plan. The mother filed a request to transfer the case to Davidson County. The Carroll County trial court granted the transfer as to the child support and parenting plan issues, but denied transfer as to the alimony issues. Both the trial court and the appellate court granted the mother's request for permission for an interlocutory appeal. We affirm in part, reverse in part, and remand, finding that the entire case must be transferred to Davidson County.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission; Judgment of the Chancery Court Affirmed in Part, Reversed in Part and Remanded**

HOLLY M. KIRBY, J.,, delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

James H. Drescher, Drescher & Sharp, P.C., Nashville Tennessee, for Plaintiff/Appellant, Lynne Pilkerton Hudson.

William D. Bowen, Kizer, Bonds, Hughes & Bowen, PLLC, Milan, Tennessee, for Defendant/Appellee Foster Eugene Hudson, Sr.[1]

---

[1]The Defendant/Appellee was represented by different counsel in the trial court below.

## OPINION

### FACTS AND PROCEEDINGS BELOW

Petitioner/Appellant Lynne Pilkerton Hudson ("Mother") and Respondent/Appellee Foster Eugene Hudson, Sr. ("Father") married in 1985 and had three children, born in 1987, 1988, and 1992. After the parties separated in 2004, Mother and the children resided in Davidson County, Tennessee.

In 2004, Mother filed a complaint for divorce in Davidson County. During the pendency of the divorce, Father was deployed in military service, and the location of his U.S. residence is unclear in the appellate record as to this time period.

After Father's February 2008 return from military deployment, the parties entered into a marital dissolution agreement and agreed on a permanent parenting plan.

In April 2008, the Davidson County trial court entered an agreed order transferring the matter from Davidson County to Carroll County, Tennessee.[2] The agreed order recites that Father had been a resident of Carroll County for at least six months prior to the filing of the original complaint for divorce. On May 28, 2008, the Chancery Court for Carroll County entered a final decree of divorce, incorporating the marital dissolution agreement and the agreed permanent parenting plan.

Several months later, in August 2008, Mother filed a contempt petition asserting that Father had, among other things, failed to make timely alimony and child support payments, and had not paid his share of court costs for the divorce. The Carroll County trial court declined to hold Father in contempt, directed him to pay the court costs, and reserved other unspecified matters.

In April 2009, Father filed a motion seeking a reduction of his child support obligation and a termination of alimony based on a reduction in his income. Father also sought a modification of the parenting plan provisions on the cost of transporting the parties' minor child for his residential parenting time. He stated:

---

[2]The agreed order entered by the Circuit Court of Davidson County transferred the case to the Circuit Court of Carroll County. The Circuit Court of Carroll County immediately transferred the case to the Chancery Court of Carroll County.

Defendant [Father] now lives in Atlanta, Georgia and Plaintiff lives in Nashville, Tennessee. Defendant needs relief from transportation cost and would request the Court order that the parties meet halfway for visitation.

In response, Mother filed a request to transfer the case to Davidson County, Tennessee, pursuant to Tennessee Code Annotation § 36-5-3003.[3] Mother asserted that neither of the parties nor their minor child had resided in Carroll County for over six months. Mother asserted that Father was residing in Jonesboro, Georgia, and that she had resided in Davidson County, Tennessee, for longer than six months. In support, Mother filed her own affidavit, containing these same assertions.

In response, Father filed a pleading opposing a transfer of the case to Davidson County. He claimed that, under Section 36-5-3003, transfer was permissive, not mandatory, and asserted that Mother's transfer request was not timely and that she had unclean hands.[4] In the alternative, Father argued, "should the child support modification portion of the trial be transferred to Davidson County, Defendant [Father] urges that the Court retain jurisdiction of modification of alimony since this Court originally set the alimony and alimony does not qualify for transfer pursuant to the statute." Father cited no authority for the assertions in his response to Mother's transfer request.

On September 2, 2009, the trial court entered an order on Mother's transfer request. The order transferred Father's motion to reduce his child support payments and modify the permanent parenting plan to Davidson County. However, the trial court's order stated that Father's "request to modify . . . his alimony payments . . . shall not be transferred and shall remain in this Court." The order also granted Mother's oral request for an interlocutory appeal of its ruling pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure (T.R.A.P.).

On November 20, 2009, Mother filed a Rule 60.02 motion to alter or amend, stating that, despite her express request that she receive notice of the entry of the trial court's order, Mother's counsel did not learn of the entry of the September 2, 2009 order until November 12, 2009. Claiming surprise about the entry of the order, Mother asked the trial court to alter or amend the order to transfer the entire case to Davidson County. In the alternative, Mother asked the trial court to specify its reasons for granting the interlocutory appeal, as required

_____

[3]Tennessee Code Annotated § 36-5-3001 *et seq.* governs the intercounty enforcement and modification of child support and custody cases.

[4]Tennessee Code Annotated § 36-5-3007 states that the contest of an intercounty transfer, where the child resides in Tennessee, "shall be *limited to* whether: (1) One (1) party or the child or children continue to reside in the transferor county; [or] (2) the child or children have resided in the transferee county for at least six (6) months . . . . TENN. CODE ANN. § 36-5-3007(b)(1)(2) (2005 & Supp. 2009) (emphasis added).

under T.R.A.P. 9. At the time of Mother's Rule 60.02 motion, the case had not yet been transferred from Carroll County to Davidson County.

On April 7, 2010, the trial court entered an order granting in part and denying in part Mother's motion to alter or amend. Pursuant to T.R.A.P 9(b), the trial court stated that it granted permission for the interlocutory appeal because litigating the parties' issues in two separate counties could involve increased expense and might result in inconsistent findings of fact, and also because a ruling by the appellate court might result in a net reduction in the duration and expense of the litigation. The trial court therefore amended the September 2, 2009 order to permit Mother to file an application with the appellate court for permission to file an interlocutory appeal. The trial court denied Mother's request to amend the September 2, 2009 order to transfer the entire case to Davidson County.

On May 24, 2010, this Court granted permission for the interlocutory appeal, pursuant to T.R.A.P. 9. Mother appeals, and Father also raises issues on cross-appeal.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Mother argues that the trial court erred under Section 36-5-3003 in only partially granting her request to transfer the case from Carroll County to Davidson County. On cross-appeal, Father argues that Mother was required to file a request for permission to appeal within thirty days after entry of the order being appealed, pursuant to T.R.A.P. 9(b), and she failed to do so. Consequently, he asserts that Mother's appeal is not properly before this Court.

"Statutory interpretation is a question of law, which we review *de novo*, with no presumption of correctness given to the courts below." *Sullivan v. Edwards Oil Co.*, 141 S.W.3d 544, 547 (Tenn. 2004) (citing *Wallace v. State*, 121 S.W.3d 652, 656 (Tenn. 2003)). Interpretation of court rules is a question of law, which we review *de novo* and without any presumption of correctness given to the courts below. *See Green v. Moore*, 101 S.W.3d 415, 418 (Tenn. 2003) (stating that interpretation of T.R.A.P. 4(a) ". . . is a pure question of law, for which the standard of review is de novo with no presumption of correctness . . . .").

## ANALYSIS

### Subject Matter Jurisdiction

We consider first Father's argument that Mother's interlocutory appeal is not properly before this Court. Father notes that Rule 9(b) of the T. R. A. P. states that a party seeking an interlocutory appeal "must file and serve a motion requesting such relief [permission to file an interlocutory appeal] within 30 days after the date of the entry of the order appealed from."

TENN. R. A. P. 9(b).  He points out that Mother never filed any motion for permission to file an interlocutory appeal.  At most, he says, Mother made an oral request for permission to appeal, as memorialized in the trial court's September 2, 2009 order.

Because Mother failed to file a motion for permission to file an interlocutory appeal, as required under T.R.A.P. 9(b), Father argues in effect that this Court does not have subject matter jurisdiction over this appeal.  "The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it." ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000).  Thus, we must determine whether this Court has subject matter jurisdiction before considering the substantive issues raised in the appeal.

Interlocutory appeals under Rule 9 of the Tennessee Rules of Appellate Procedure are permissive rather than as of right.  *See* TENN. R. APP. P. 9.  Rule 9 requires the party seeking the interlocutory appeal to obtain permission to file the appeal from both the trial court and the appellate court. ***Id.***

The procedure in the trial court for a litigant who seeks to file a Rule 9 appeal is set forth in Rule 9(b):

> Rule 9(b) **Procedure in the Trial Court**. The party seeking an appeal must file and serve a motion requesting such relief within 30 days after the date of entry of the order appealed from.  When the trial court is of the opinion that an order, not appealable as of right, is nonetheless appealable, the trial court shall state in writing the reasons for its opinion. The trial court's statement of reasons shall specify: (1) the legal criteria making the order appealable, as provided in subdivision (a) of the rule; (2) the facts leading the trial court to the opinion those criteria are satisfied; and (3) any other factors leading the trial court to exercise its discretion in favor of permitting an appeal. The appellate court may thereupon in its discretion allow an appeal from the order.

***Id.***  Father correctly points out that Rule 9(b) states that a party seeking a Rule 9 appeal "must file and serve a motion" requesting permission for the appeal within 30 days after entry of the order to be appealed.  ***Id.***  He also correctly notes that, in this case, Mother filed no written motion at all.  The record reflects only that Mother made an oral motion at the hearing on her request to transfer the entire case to Davidson County.  The record does not contain a transcript of that hearing, and contains no indication that Father objected to Mother's oral request for permission to appeal.  At any rate, it is undisputed that the trial judge granted Mother's oral motion for permission to file an interlocutory appeal.  This was memorialized in the trial court's September 2, 2009 written order.

-5-

Thus, the order Mother appeals, whether the original September 2, 2009 order or the April 7, 2010 order entered after Mother's motion to alter or amend, in fact *granted* Mother permission to file an interlocutory appeal. Interpreting Rule 9 as Father advocates would require Mother to file, and would require the trial court to consider, a motion that had already been granted. In construing court rules, we seek to avoid an interpretation "that leads to an absurd result or unnecessary, duplicative procedures." *See* 20 AM JUR.2D *Courts* § 52 (Supp. 2008). Therefore, we respectfully decline to adopt Father's argument.

### Intercounty Transfer

Mother argues that the trial court erred in only partially granting her request to transfer the case from Carroll County to Davidson County. Mother maintains that the statutes and the caselaw mandate transfer of the *entire* case to Davidson County, not only the child-related issues. She asserts that, under Section 36-5-3003(b), the entire case must be transferred if the child has been living in the county where it will be transferred for at least six months, and neither the child nor the parents continue to live in the original county. She contends that the language used in caselaw applying this statute supports her interpretation, citing ***Wharton v. Wharton***, No. W2007-01972-COA-R9-CV, 2008 WL 3146737 (Tenn. Ct. App. Feb. 6, 2008), and ***Boyer v. Heimermann***, 238 S.W.3d 249, 262 (Tenn. Ct. App. 2007).

In response, Father argues that Section 36-5-3003 does not address issues such as alimony; rather, it addresses only child support and child custody. He notes that Tennessee's legislature could have amended Section 36-5-3003 to expressly state that issues such as alimony should be transferred as well, but it has not done so. Father maintains that having the parties litigate child-related issues in one forum and alimony in another will create only a "minimal" risk of inconsistent findings by the two courts. He does not dispute Mother's assertion that litigating in two different counties will increase the expense and difficulty of the litigation, but dismisses this as a matter to be addressed by the Legislature, not by the courts.

Part 30 of the Alimony and Child Support statutes sets forth "procedures for the intercounty enforcement and modification of child support and child custody cases." TENN. CODE ANN. § 36-5-3001(a) (2005). The statutes provide for permissive transfer in some instances and mandatory transfer in others:

> (a) Except as provided in § 36-5-3001(b), a case that includes child support or custody provisions may be transferred between counties in this state without the need for any additional filing by the party seeking transfer, and without service of process upon the non-requesting party, by the filing of a request by the requesting party as set forth herein.

(b) Upon receipt of a request, the case must be transferred by the clerk of the issuing court, without order of the court, to a court of competent jurisdiction in the county where the child or children reside if each of the following applies:

> (1) Neither the child or children, custodial parent/obligee, nor the non-custodial parent/obligor currently reside in the issuing county; and
>
> (2) The child or children who are subject to the support or custody order currently reside in the county to which the case is to be transferred and have resided there for at least six (6) months.

TENN. CODE ANN. § 36-5-3003(a)-(b) (2005, 2009 Supp.). Thus, transfer of "a case that includes child support or custody provisions" is permissive under most circumstances. TENN. CODE ANN. § 36-5-3003(a) (2005, 2009 Supp.). However, if neither the children nor the parents reside in the "issuing county,"[5] and the children have resided in the county where the case is to be transferred for at least six months, transfer is mandatory. TENN. CODE ANN. § 36-5-3003(b)(1), (2) (2005, 2009 Supp.); *see Wharton*, 2008 WL 314637, at \*4; *Boyer*, 238 S.W.3d at 261-62; *In re: C.A.R.*, 215 S.W.3d 376, 378 (Tenn. Ct. App. 2006).

Father argues that the child support and custody *issues* are to be transferred under these statutes, rather than the entire case. However, he cites no authority for this proposition, and no case in which such a "partial" transfer has in fact occurred. In construing the statute:

> [W]e must "ascertain and give effect to the intention and purpose of the legislature." *Carson Creek Vacation Resorts, Inc. v. State Dept. of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993). We give effect to the legislative intent " 'primarily from the natural and ordinary meaning of the language used.' " *State ex rel. Earhart v. City of Bristol*, 970 S.W.2d 948, 951 (Tenn. 1998) (quoting *Worrall v. Kroger Co.*, 545 S.W.2d 736, 738 (Tenn. 1977)). Statutes concerning the same subject are "construed together ('in para materia') 'in order to advance their common purpose or intent.' " *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 716 (Tenn. 2002) (quoting *Carver v. Citizen Utils. Co.*, 954 S.W.2d 34, 35 (Tenn. 1997)). The statutes should be construed in a reasonable manner " 'which avoids statutory conflict and provides for harmonious operation of the laws.' " *Id.* (quoting *Carver*, 954 S.W.2d at 35).

---

[5]The term "issuing county" is defined as the county in which the court issued a support or custody order. TENN. CODE ANN. § 36-5-3003(b) (2005).

***Goodman v. City of Savannah***, 148 S.W.3d 88, 91-92 (Tenn. Ct. App. 2003). Thus, we interpret subsections (a) and (b) of Section 36-5-3003 by giving the language its natural and ordinary meaning, and we construe the subsections together in a reasonable manner.

As noted above, subsection (a) of Section 36-5-3003 refers to the transfer of "a *case that includes* child support and custody provisions," not to the transfer of child-related *issues*. TENN. CODE ANN. § 36-5-3003(a) (2005, 2009 Supp.). Subsection(b) of the same statute states that "the case" must be transferred under the specified conditions. TENN. CODE ANN. § 36-5-3003(b) (2005, 2009 Supp.). This is a direct reference to the phrase in subsection (a), and thus "the case" to which subsection (b) alludes is a case "that includes" child support or custody issues. ***See also Wharton***, 2008 WL 314637, at *4 ("In subsections (a) and (b), the General Assembly has mandated that, upon request, a case including child support or child custody provisions 'must be transferred' to a court of competent jurisdiction in the county where the child resides."); ***In re: C.A.R.***, 215 S.W.3d at 380 ("The Tennessee General Assembly mandated that a case that includes child support or custody provisions 'must be transferred' to a court of competent jurisdiction in the county where the child resides . . . ."). Thus, Father's argument that Section 36-5-3003 envisions piecemeal transfer of particular issues to another county is wholly without merit.

It is undisputed that this case includes child support provisions, as specified in Section 36-5-3003(a). It is also undisputed that neither the minor child nor the parents reside in the issuing county, Carroll County, and that the minor child has lived in Davidson County for more than six months. Father's objections to transferring the case were based on neither of the only two grounds permitted for contesting such a transfer. ***See*** TENN. CODE ANN. § 36-5-3007(b)(1) and (2) (2005); ***Boyer***, 238 S.W.3d at 262. Accordingly, under Section 36-5-3003(b), the case in its entirety *must* be transferred to Davidson County. Therefore, the decision of the Carroll County trial court must be reversed to the extent that the trial court declined to transfer any portion of the case. The case is remanded with directions to the trial court to transfer the entire case to a court of competent jurisdiction in Davidson County.

## CONCLUSION

The decision of the trial court is affirmed in part, reversed in part, and remanded, as set forth above. Costs on appeal are to be taxed to Appellee Foster Eugene Hudson, Sr., for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE