IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 17, 2013 Session

## JAMES AND PATRICIA CULLUM v. BAPTIST HOSPITAL SYSTEM, INC. ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 04C2121     Amanda Jane McClendon, Judge**

_____

**No. M2012-02640-COA-R3-CV - Filed February 12, 2014**

_____

The trial court prohibited the use of taped testimony from a prior trial when a doctor exercised his statutory right not to appear at trial, ordering that the doctor "needs to testify live or not at all." Efforts of the defendants' counsel to secure the doctor's live testimony were successful, only to have the plaintiffs' counsel argue that counsel was being ambushed. The trial court finally determined not to allow the doctor to testify. The issues relating to prohibiting the doctor's taped testimony and then prohibiting the doctor's live testimony were appealed, along with other issues that arose during the trial. We find these two testimonial issues dispositive. We reverse the trial court on both issues and remand for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, M.S., P.J., and RICHARD H. DINKINS, J., joined.

James E. Looper, Jr., Jennifer Eberle, John Everette Hall, Jr., and John R. Gerstein, Nashville, Tennessee, and Gabriela A. Richeimer, Washington D.C., for the appellants, Baptist Hospital Systems, Inc. et al.

Joseph P. Bednarz, Sr., Nashville, Tennessee, and Steven Rand Walker, Oakland, Tennessee, for the appellees, James and Patricia Cullum.

## OPINION

This case has a long history. The basic factual background was stated in a prior

opinion of this court:

> This medical malpractice case stems from the birth of Samuel Cullum, the son of Patricia and James Cullum (collectively referred to as "Plaintiffs"). On May 1, 2000, Mrs. Cullum was admitted to Baptist Women's Health Center for a scheduled induction of labor. Mrs. Cullum's obstetrician, Susan E. Mackey, M.D. ("Dr. Mackey"), together with several nurses, supervised her labor and delivery. Samuel was born with cerebral palsy and severe brain damage, which Plaintiffs allege resulted from a delay in his delivery. On July 22, 2004, Plaintiffs filed suit against Women's Health Alliance, P.C., Dr. Mackey, Baptist Women's Health Center, L.L.C., and Baptist Hospital, Inc., alleging negligence in the care and treatment of Mrs. Cullum and negligence in the care and delivery of Samuel."

*Cullum v. Baptist Hosp. Sys., Inc*., M2009-01980-COA-R3-CV, 2011WL 553768, at *1 (Tenn. Ct. App. Feb. 16, 2011) (footnote omitted). In 2007, the plaintiffs reached a settlement with Dr. Mackey and Women's Health Alliance, P.C. A trial was held in December 2007 in which the jury returned a verdict in favor of the defendants. Plaintiffs moved for a new trial and Judge Brothers granted their motion. A second trial began June 1, 2009.

> [T]he jury unanimously found that the nursing staff of Baptist Women's Health Center, LLC were the apparent agents of Baptist Hospital, Inc.; and Susan E. Mackey, M.D. was 96.25% at fault and the nursing staff of Baptist Women's Pavilion Hospital was 3.75% at fault. . . . [T]he total damages are $4,380,627.97. Thus attributing 3.75% to the Defendants, Baptist Hospital, Inc. and Baptist Women's Health Center, LLC, results in a judgment of $164,273.55 against these defendants.

*Id*. at *2 (quoting the trial court's order of judgment entered on June 29, 2009). On appeal, this court found that the jury verdict was reached in an impermissible manner and, consequently, set the verdict aside and remanded the case for a new trial. *Id*. at *4.

The third trial began on July 9, 2012. It resulted in a jury verdict in plaintiffs' favor of $7,974,505 against the remaining defendants. The defendants appealed, raising a number of issues.

STANDARD OF REVIEW

The admissibility of evidence is within the trial court's sound discretion, and we

2

review the trial court's decision to admit or exclude evidence by an abuse of discretion standard. *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004); *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 442 (Tenn. 1992). Under the abuse of discretion standard, a reviewing court cannot substitute its judgment for the trial court's judgment. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011). Rather, a reviewing court will find an abuse of discretion only if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008); *see also Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

ANALYSIS

Prior Testimony of Dr. Boehm

The defendants' first claim of error concerns the refusal of the trial court to allow the defendants to play the video of their expert's testimony from the previous trial. Their expert, Dr. Boehm, exercised his statutory exemption from appearance at trial pursuant to Tenn. Code Ann. § 24-9-101.[1] The defendants subsequently identified Dr. Boehm on their trial witness list as an expert who would appear by recorded testimony. The plaintiffs objected to the use of Dr. Boehm's recorded testimony from the prior trial. The trial court agreed with the plaintiffs and ruled that Dr. Boehm "needs to testify live or not at all." It appears that the trial court interpreted Tenn. Code Ann. § 24-9-101 as not applying to a physician testifying as an expert witness and that the earlier trial testimony was "not the same" as an evidentiary deposition.

The plaintiffs argue that Tenn. Code Ann. § 24-9-101 is an exemption from subpoena to trial only, and that Dr. Boehm was still subject to being deposed. Because former testimony is hearsay, the plaintiffs maintain that Dr. Boehm must be "unavailable" before his testimony at the previous trial can be used. They claim he was not "unavailable" because he

---

[1] Tennessee Code Annotated section 24-9-101(a) states, in relevant part:

Deponents exempt from subpoena to trial but subject to subpoena to a deposition are:
. . .
(6) A practicing physician, physician assistant, psychologist, senior psychological examiner, chiropractor, dentist or attorney . . .

was subject to an evidentiary deposition.[2]

Tennessee Rule of Evidence 804(a) contains definitions of "unavailability of a witness":

> "Unavailability of a witness" includes situations in which the declarant:
>
> (1) is exempted by ruling of the court on the grounds of privilege from testifying concerning the subject matter of the declarant's statement; or
>
> (2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so; or
>
> (3) demonstrates a lack of memory of the subject matter of the declarant's statement; or
>
> (4) is unable to be present or to testify at the hearing because of the declarant's death or then existing physical or mental illness or infirmity;
>
> (5) is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance by process; or
>
> (6) for depositions in civil actions only, is at a greater distance than 100 miles from the place of trial or hearing.
>
> A declarant is not unavailable as a witness if exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of a statement for the purpose of preventing the witness from attending or testifying.

The definition applicable to the instant situation is (a)(5). The defendants' inability to procure Dr. Boehm's attendance at the hearing by process, due to his invocation of Tenn. Code Ann. § 24-9-101, rendered him unavailable pursuant to Rule 804.

Tennessee Rule of Evidence 804(b)(1) announces what can be done regarding an unavailable witness' testimony:

> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

---

[2]A footnote in their brief indicates that the plaintiffs are not arguing that Tenn. Code Ann. § 24-9-101 does not apply to Dr. Boehm's situation. Indeed, there is no indication in the statute that it does not apply to a physician who is an expert witness.

4

(1) *Former Testimony*. Testimony given as a witness at another hearing of the same or a different proceeding or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered had both an opportunity and a similar motive to develop the testimony by direct, cross, or redirect examination.

The language of Rule 804 is quite clear that when a witness is not available at a hearing because his attendance cannot be procured by process, former testimony or a deposition may be used under proper circumstances. The Advisory Commission Comment to subsection (b)(1) expressly states that "[t]he rule covers depositions as well as trial and preliminary hearing transcripts." Because they relate to the same subject matter, Rule 804 and Tenn. Code Ann. § 24-9-101 must be construed together. *See Carver v. Citizen Utils. Co.*, 954 S.W.2d 34, 35 (Tenn.1997). Hence, the ability to depose an expert does not render him "available" such that his prior testimony cannot be used.[3]

Rule 804 (b)(1) attaches some conditions on the use of prior testimony, allowing its use " if the party against whom the testimony is now offered had both an opportunity and a similar motive to develop the testimony by direct, cross, or redirect examination." These conditions are satisfied in this instance. The parties are identical. The issues are the same.

We find that the trial court applied an incorrect legal standard in preventing the defendants from utilizing Dr. Boehm's testimony from the prior trial when Dr. Boehm exercised his statutory exemption from appearance at trial.

Live Testimony of Dr. Boehm

After the trial court ruled that Dr. Boehm "needs to testify live or not at all," the

---

[3]This view is supported by TENNESSEE LAW OF EVIDENCE as well:

This ground [Rule 804(a)(5)] is the one of the most frequently used and various fact patterns can arise. The declarant may be beyond the Tennessee border, where the sheriff's power to serve process stops. Perhaps the declarant is within the state but cannot be found and served, or the declarant may be a doctor, lawyer, or one of the numerous professionals and public officials exempted from attending court by statute. The court has power to order attendance despite the exemption, but without such an order, the declarant is deemed "unavailable."

Neil P. Cohen, Donald F. Paine & Sarah Y. Sheppeard, TENNESSEE LAW OF EVIDENCE § 8.33 (6th ed. 2013).

defendants set out to get Dr. Boehm to testify live at trial. He was identified during voir dire as a potential witness. When asked on the second day of trial by the court whether Dr. Boehm was "going to be here in any form or fashion," defendants' counsel stated that, "We intend to bring him, still checking on his availability."

On Wednesday, July 18, in a discussion between the court and defendants' counsel, counsel stated that, "We have Dr. Boehm coming in first thing Thursday morning." Plaintiffs' counsel then began complaining that he found out about Dr. Boehm's testifying too late to prepare adequately and after his witnesses had been released. Counsel for plaintiffs and defendants engaged in a considerable back and forth argument about who said what when. At one point, the judge said, "I'm going to let him testify live unless you agree otherwise and stipulate that you'll do it recorded." The judge also said, "I could give you more time to prepare." Plaintiffs' counsel then argued he would have asked different questions of one of his witnesses if he had known Dr. Boehm was going to testify. The court eventually asked if Dr. Boehm could appear Monday instead of Thursday and said that she found "fault with both of y'all," meaning both plaintiffs' and defendants' attorneys. Defendants' counsel observed that "[t]here was never any doubt that we were working to bring in Dr. Boehm," and the court agreed. Finally, after Dr. Boehm agreed to appear on Monday, the court ruled as follows:

> I appreciate the fact that during the break that I took that defense contacted Dr. Boehm, and he says he can be here Monday, but I'm faced with a situation while that's 72 hours away, plaintiffs have rested their proof, Dr. Boehm has gone from not being able to be here to being on vacation, being able to be here on Thursday and under threat being able to be here on Monday. I'm going to deny his testifying. That is concluded.

The next day, July 19, the defendants asked the court to reconsider its ruling. The judge observed: "since they've put on their proof and they've closed their case, they are potentially looking at recalling expert witnesses from other parts of the country, and that just - - it doesn't seem fair." She adhered to her prior ruling.

We agree with the trial judge that both sides are to blame for the confusing situation involving Dr. Boehm. George Bernard Shaw once said, "The single biggest problem with communication is the illusion that it has taken place." Neither side communicated well with the other or with the court. Yet, after a review of the pertinent documents, transcripts and rulings, we are convinced that there was a general understanding that Dr. Boehm would testify if possible. Consequently, we do not find that plaintiffs would have been ambushed or prejudiced by his appearance and testimony at trial, particularly if his testimony was delayed until Monday as the court at one time proposed and the defendants agreed.

6

We find that the defendants were prejudiced. They were denied the use of an expert witness who had taught Dr. Mackey and the nurse. He could testify about how such situations in the course of a delivery should be handled, and he could testify as to what he had taught Dr. Mackey and the nurse. In this regard, Dr. Boehm was unique. We conclude that the trial court employed reasoning that caused an injustice to the defendants. Dr. Boehm should have been allowed to testify.

CONCLUSION

We find the two issues relating to Dr. Boehm's testimony dispositive of this appeal and decline to rule on the other issues. The decision of the trial court is reversed on these two issues and the case is remanded back to the trial court for a new trial. We regret having to require the parties to endure another trial, but the errors are so fundamental there is no alternative.

Costs of appeal are assessed against the plaintiffs, for which execution may issue.

_____
ANDY D. BENNETT, JUDGE