IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
May 29, 2024 Session

## CLAYTON D. RICHARDS v. VANDERBILT UNIVERSITY MEDICAL CENTER

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Davidson County**
**No. 21C184  Thomas W. Brothers, Judge**

———————————————————

**No. M2022-00597-SC-R11-CV**

———————————————————

In this health care liability action, Clayton D. Richards asks us to consider whether the trial court erred in dismissing his complaint.  Previously, Mr. Richards sued Vanderbilt University Medical Center alleging negligence.  That lawsuit ended in a voluntary nonsuit. Mr. Richards refiled his complaint, which became the current action, over a year later.  The trial court dismissed his complaint, holding that he had not complied with the terms of the saving statute, Tennessee Code Annotated section 28-1-105.  On appeal, Mr. Richards argues that Tennessee Code Annotated section 29-26-121(c) offers him a 120-day extension of the one-year saving statute, making his lawsuit timely.  We disagree and conclude that section 29-26-121(c) does not extend the saving statute.  Thus, we affirm the trial court's order granting Vanderbilt University Medical Center's motion to dismiss.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals and the Trial Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which HOLLY KIRBY, C.J., and ROGER A. PAGE, SARAH K. CAMPBELL, and DWIGHT E. TARWATER, JJ., joined.

H. Anthony Duncan, Nashville, Tennessee, and M. Todd Sandahl, Franklin, Tennessee, for the appellant, Clayton D. Richards.

Sara F. Reynolds and Ashley B. Tipton, Nashville, Tennessee, for the appellee, Vanderbilt University Medical Center.

W. Bryan Smith, Memphis, Tennessee, and Brian G. Brooks, Greenbrier, Arkansas, for the Amicus Curiae, Tennessee Trial Lawyers Association.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 2013, Clayton D. Richards ("Mr. Richards") was taken to Vanderbilt University Medical Center ("VUMC") to undergo a medical procedure. Mr. Richards remained at VUMC until August 29, 2013, at which point he was discharged to a different hospital's inpatient rehabilitation facility with bilateral lower extremity paralysis. Mr. Richards has remained paralyzed since the initial surgery.

Mr. Richards filed a lawsuit against VUMC on December 12, 2014, alleging that his injuries incurred in August of 2013 "were the direct and proximate result of [VUMC]'s negligent failure to establish and enforce appropriate protocols, negligent failure to develop, maintain and enforce adequate hospital systems, and negligent failure to hire and train sufficient qualified staff." Although his claims were filed outside of the applicable one-year statute of limitations period, the claims were timely filed because Tennessee Code Annotated section 29-26-121(c) extends "the applicable statutes of limitations and repose . . . for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider" when proper notice is given to a provider as provided in section 29-26-121(a).[1] Tenn. Code Ann. § 29-26-121 (2024). On October 4, 2019, the trial court entered an Order of Voluntary Nonsuit, granting "a voluntary dismissal without prejudice against [VUMC] to the refiling of th[e] cause of action" pursuant to Tennessee Rule of Civil Procedure 41.01.[2]

Mr. Richards refiled his complaint on January 28, 2021. In doing so, Mr. Richards relied upon Tennessee Code Annotated section 28-1-105's saving statute (the "Saving Statute"), which reads in pertinent part:

> If [an] action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the cases may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a) (2017). Although evident that Mr. Richards did not refile within one year of the dismissal of his earlier lawsuit as required by the Saving Statute, he asserted that he had timely refiled suit because he had provided notice to VUMC via certified mail on September 15, 2020, "in accordance with Tennessee Code Annotated

---

[1] There is no dispute that such notice was provided to VUMC by Mr. Richards in the initial lawsuit.

[2] The record does not reflect the date on which Mr. Richards filed his notice of voluntary nonsuit.

section 29-26-121." Mr. Richards presumed that his provision of notice to VUMC triggered the 120-day extension referenced in section 29-26-121(c), as was the case in his first lawsuit.

VUMC filed its initial answer on May 4, 2021, asserting that the complaint "fail[ed] to state a claim upon which relief may be granted" and requesting that the complaint be dismissed with prejudice. VUMC filed a motion to amend its answer on January 12, 2022, seeking "to elaborate on its failure to state a claim defense." The trial court granted the motion to amend on February 14, 2022, and VUMC filed its amended answer two days later. In elaborating upon the failure to state a claim affirmative defense, VUMC argued that Mr. Richards' claims were time-barred because Mr. Richards had "failed to file th[e] lawsuit within the one-year period provided by Tenn. Code Ann. [sections] 29-26-116 and/or 28-1-105." "Furthermore," VUMC asserted, "[Mr. Richards] is not entitled to any extension under Tenn. Code Ann. [section] 29-26-121(c) because [the Saving Statute] is not a statute of limitations or repose and/or [Mr. Richards] previously took advantage of Tenn. Code Ann. [section] 29-26-121(c)'s extension in his first lawsuit against VUMC." Tennessee Code Annotated section 29-26-121(c) reads, in relevant part:

> When notice is given to a provider as provided in [section 29-26-121], the applicable statute of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider. . . . In no event shall this section operate to shorten or otherwise extend the statutes of limitations or repose applicable to any action asserting a claim for health care liability, nor shall more than one (1) extension be applicable to any provider.

Tenn. Code Ann. § 29-26-121(c). VUMC subsequently filed a motion to dismiss on March 7, 2022. VUMC argued that Mr. Richards was required to refile the lawsuit by October 4, 2020, leaving his claims time-barred. VUMC also argued that section 29-26-121(c) entitles a plaintiff to no more than one 120-day extension.

On April 4, 2022, Mr. Richards filed his opposition to the motion to dismiss. Mr. Richards asserted that Tennessee Code Annotated section 29-26-121(c) "does not provide the restriction or guidance" that a plaintiff is only entitled to one extension and that VUMC "provided no authority to support such an argument." Mr. Richards also argued that he should be granted the extension because "Tennessee has a long-standing and oft-quoted policy of determining civil actions on their merits and not on procedural technicalities."

Following a hearing on April 8, 2022, the trial court entered an order on April 22, 2022, granting VUMC's motion to dismiss. The trial court concluded that the Saving Statute was "controlling in this case," and wrote that Mr. Richards "was required to refile his action within [a] one-year window." The trial court also held that Tennessee Code Annotated section 29-26-121(c) "mandate[s] that no more than one extension shall be applicable to any provider," and, thus, Mr. Richards was "barred from utilizing the

extension again in this action." The trial court noted that, although the trial court's "clear preference" would have been to decide the case on its merits, the trial court "is compelled to apply the law as written by the legislature as well as the interpretations and applications of the law as stated by the Supreme Court."

Mr. Richards appealed the dismissal, and the Court of Appeals affirmed. Richards v. Vanderbilt Univ. Med. Ctr., No. M2022-00597-COA-R3-CV, 2023 WL 4451631, at *3 (Tenn. Ct. App. July 11, 2023), perm. app. granted, (Tenn. Dec. 20, 2023). In its opinion, the intermediate appellate court wrote that the language of Tennessee Code Annotated section 29-26-121(c) "forecloses the application of multiple 120-day extensions vis-à-vis a health care provider against whom a recovery is sought for health care liability," and, accordingly, "Mr. Richards was not entitled to rely on a second extension as to VUMC so as to make the present litigation timely." Id.

Judge J. Steven Stafford filed a separate concurring opinion "to express . . . concerns with the result in th[e] case." Id. at *4 (Stafford, J., concurring). Judge Stafford stated that, although he "reluctantly agree[d]" with the result, he sympathized with Mr. Richards because, in Judge Stafford's view, "Mr. Richards has fallen into a trap laid by the maze of procedural requirements that make up the [Tennessee Health Care Liability Act and] … joins the ranks of many plaintiffs in Tennessee whose claims have been felled by the procedural hurdles of the [Tennessee Health Care Liability Act] without consideration of their merits." Id. at *7.

Mr. Richards filed an application for permission to appeal in accordance with Rule 11 of the Tennessee Rules of Appellate Procedure. This Court granted that application on December 20, 2023, and heard oral arguments on May 29, 2024, in Nashville, Tennessee.

## II. ANALYSIS

Mr. Richards argues that the 120-day extension provided in Tennessee Code Annotated section 29-26-121(c) is applicable to the factual situation before us. Conversely, VUMC argues that the plain language of Tennessee Code Annotated section 29-26-121(c) "prohibits a plaintiff from utilizing more than one 120-day extension per provider," or, alternatively, that the plain language of Tennessee Code Annotated section 29-26-121(c) does not extend the Saving Statute. We agree with VUMC that Mr. Richards' claims are time-barred because the 120-day extension in section 29-26-121(c) does not extend the Saving Statute's one-year refiling period.

### A. Standard of Review

This appeal challenges the trial court's grant of a motion to dismiss for "failure to state a claim upon which relief can be granted." Tenn. R. Civ. P. 12.02(6). When an appellate court reviews a motion to dismiss, the appellate court "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the

benefit of all reasonable inferences." Trau-Med of Am., Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 969 (Tenn. 2002). Thus, we are to take all factual allegations as true and limit our review to the lower court's legal conclusions. Tigg v. Pirelli Tire Corp., 232 S.W.3d 28, 32 (Tenn. 2007).

Here, we are tasked with interpreting Tennessee Code Annotated section 29-26-121(c). When interpreting a statute, our role "is to give a statute the full effect of the General Assembly's intent without unduly restricting or expanding the statute's intended scope," State v. Marshall, 319 S.W.3d 558, 561 (Tenn. 2010) (citing Larsen-Ball v. Ball, 301 S.W.3d 228, 232 (Tenn. 2010)), and to conclude "how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued," State v. Deberry, 651 S.W.3d 918, 924 (Tenn. 2022) (quoting Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 33 (2012)). "When the meaning of a statute is in question, we rely upon well-established canons of statutory construction." State v. Sherman, 266 S.W.3d 395, 401 (Tenn. 2008). "Because issues of statutory interpretation are questions of law, they are reviewed by our Court *de novo* with no presumption of correctness." Falls v. Goins, 673 S.W.3d 173, 179 (Tenn. 2023) (first citing Stewart v. State, 33 S.W.3d 785, 791 (Tenn. 2000); and then citing Johnson v. Hopkins, 432 S.W.3d 840, 844 (Tenn. 2013)).

### B. Tennessee Code Annotated Section 29-26-121(c) and the Saving Statute

As referenced earlier in this opinion, Tennessee Code Annotated section 29-26-121(c) reads in relevant part:

> When notice is given to a provider as provided in [section 29-26-121], *the applicable statutes of limitations and repose shall be extended* for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider.

Tenn. Code Ann. § 29-26-121(c) (emphasis added). Notably absent from section 29-26-121(c) is any reference to the Saving Statute. VUMC argues that our Court's longtime recognition that the Saving Statute "is not a statute of limitations or a statute of repose and that [the Saving Statute] operates independently," Rajvongs v. Wright, 432 S.W.3d 808, 813, paired with the General Assembly's exclusion of any reference to the Saving Statute in section 29-26-121(c), dictates that a 120-day extension shall not extend to cases based upon the Saving Statute. Mr. Richards counters that, because "[t]he Tennessee Health Care Liability Act is silent as to actions that are refiled under the [S]aving [S]tatute . . . the plain-meaning canon of statutory construction . . . cannot be applied . . . because there are no words in the [Tennessee Health Care Liability] Act relating to refiled actions under the [S]aving [S]tatute to be construed by their 'plain meaning.'" (emphasis removed).

As VUMC notes in its brief, the Saving Statute has not been amended since 1989, whereas Tennessee Code Annotated section 29-26-121 was first enacted in 2008. See

Tenn. Code Ann. §§ 28-1-105, 29-26-121. Because "we presume that the [l]egislature knows the law and makes new laws accordingly," Johnson, 432 S.W.3d at 848 (citing Lee Med., Inc. v. Beecher, 312 S.W.3d 515, 527 (Tenn. 2010)), we are to presume that the legislature intentionally included references to the applicable statutes of limitations and repose and intentionally excluded references to the Saving Statute when enacting section 29-26-121. See State v. Welch, 595 S.W.3d 615, 623 (Tenn. 2020).

Here, *expressio unius est exclusio alterius*, "[o]ne of the most important rules of [the] construction of statutes," is of relevance to our analysis. Clifton Williams, Expressio Unius Est Exclusio Alterius, 15 Marq. L. Rev. 191, 191 (1931). *Expressio unius est exclusio alterius* dictates that "the expression of one thing implies the exclusion of others." Rich v. Tenn. Bd. of Med. Exam'rs, 350 S.W.3d 919, 927 (Tenn. 2011). "Omissions are significant when statutes are express in certain categories but not in others." Carver v. Citizen Utils. Co., 954 S.W.2d 34, 35 (Tenn. 1997). Given the inclusion of statutes of limitations and repose, and the exclusion of the Saving Statute, we pay careful attention to this canon of statutory construction as we consider whether the Saving Statute is extended by section 29-26-121(c).

It would have been simple for the General Assembly to list the Saving Statute alongside the applicable statutes of limitations and repose in section 29-26-121(c). Yet, no reference to the Saving Statute is found in the text of the statute. Likewise, the General Assembly could have articulated in section 29-26-121(c) that statutes subject to the 120-day extension *include* statutes of limitations and repose, leaving open the possibility that the legislature did not intend to limit the extension to those circumstances. See Gragg v. Gragg, 12 S.W.3d 412, 415 (Tenn. 2000) ("[L]anguage stating that [a] definition 'includes' specific items indicates that the enumerated items are illustrative, not exclusive"); see also Scalia and Garner, *supra*, at 132 ("The verb *to include* introduces examples, not an exhaustive list."). However, no such inclusive language was used by the General Assembly. Additionally, VUMC correctly references several instances in which the General Assembly has "demonstrated an awareness of the Saving[] Statute and [a] willingness to reference it where intended." See Tenn. Code Ann. §§ 47-2A-506, 20-1-119, 28-1-114, 47-2-725. We agree with VUMC that it would be illogical for the General Assembly to directly reference the Saving Statute in multiple statutes while simultaneously expecting it to be an implicit recipient of section 29-26-121(c)'s 120-day extension. To conclude that the legislature sought to make the extension applicable to the Saving Statute under these circumstances would "unduly . . . expand[] the statute's intended scope." Marshall, 319 S.W.3d at 561 (citing Ball, 301 S.W.3d at 232).

We note that Mr. Richards relies heavily upon Rajvongs as support for his position. Based on our careful review, we conclude that, although Rajvongs is factually comparable to the present case, there is a crucial distinction. In Rajvongs, a patient sought medical treatment to address ongoing pain in his right ankle and foot. 432 S.W.3d 808, 809. The treatment resulted in the patient filing a complaint against his doctor which the patient later voluntarily dismissed. Id. at 809–10. About eleven months after the lawsuit was

voluntarily dismissed, the patient provided pre-suit notice to the doctor of a "potential claim for health care liability" as required by the Tennessee Health Care Liability Act, which had gone into effect after the initial lawsuit was filed. Id. at 811. Just under four months after he provided pre-suit notice, the patient filed a complaint identical to the one that had previously been dismissed. Id. The doctor moved for summary judgment, arguing that the patient's claims were not timely refiled within one year under the Saving Statute. Id. The trial court denied the doctor's motion for summary judgment, as did the intermediate appellate court. Id. In that case, this Court concluded that the plaintiff fell "within the narrow category of plaintiffs who filed their initial complaints prior to the effective date of section 29-26-121, dismissed their original actions, and refiled their actions after the effective date of [section 29-26-121]." Id. at 813. Referring to that narrow category of plaintiffs as "transitional plaintiffs," this Court permitted the patient to utilize Tennessee Code Annotated section 29-26-121(c)'s 120-day extension. Id. at 814. We stated that we were "unable to conclude that the General Assembly would require transitional plaintiffs to provide pre-suit notice before refiling under the [Saving Statute] and yet deprive such plaintiffs of the 120-day extension." Id.

Mr. Richards argues that, because this Court in Rajvongs concluded that the Saving Statute could be extended for transitional plaintiffs despite an absence of language addressing the Saving Statute in Tennessee Code Annotated section 29-26-121(c), it should do so in this case as well. Conversely, VUMC characterizes the Rajvongs holding as a "limited exception" that provides for "a necessary modification to prevent an unfair application of Tenn. Code Ann. [section] 29-26-121 to transitional plaintiffs." Indeed, in Rajvongs, this Court emphasized that its ruling was narrow and applied only to transitional plaintiffs. 432 S.W.3d at 813–14. VUMC further argues that "[s]uch an exception is unnecessary for non-transitional plaintiffs – like Mr. Richards" – because such plaintiffs "ha[ve] the benefit of utilizing Tenn. Code Ann. [section] 29-26-121(c)'s 120-day provision to extend their statutes of limitations or repose when filing their initial action." (emphasis removed). We agree with VUMC that the reasoning in Rajvongs does not apply here, and, accordingly, we decline to extend the Rajvongs holding to non-transitional plaintiffs.[3]

Mr. Richards also heavily relies on Foster v. Chiles, 467 S.W.3d 911 (Tenn. 2015), in support of his arguments. In Foster, our Court held that Tennessee Code Annotated section 29-26-121(a)(1) requires plaintiffs to provide defendants with separate notice "of each forthcoming complaint so that [defendants] might evaluate the merits of the claim and pursue settlement." Id. at 916. "To hold otherwise would be to ignore the clear and unambiguous language of [section] 29-26-121(a)(1) and to thwart the intent of the [General Assembly]." Id. Mr. Richards argues that, because this Court concluded in Foster that the General Assembly intended to require notice before each complaint, it also intended to extend the time to file under the Saving Statute. We disagree. Our holding in Foster does

---

[3] Indeed, we question whether Rajvongs was correctly decided. However, we need not resolve that question for purposes of this appeal.

not alter our view that the language of section 29-26-121(c) is clear, plain, and unambiguous. Accordingly, that case does not affect our conclusion.

For these reasons, we conclude that Mr. Richards' filing of the present action did not benefit from the extension afforded by Tennessee Code Annotated section 29-26-121(c), and, thus, the present lawsuit is untimely. Mr. Richards is not a transitional plaintiff, and section 29-26-121(c) only extends the Saving Statute for transitional plaintiffs. The trial court did not err in dismissing this case.

### III. CONCLUSION

For non-transitional plaintiffs, the 120-day extension in Tennessee Code Annotated section 29-26-121(c) is inapplicable to actions refiled pursuant to the Saving Statute in Tennessee Code Annotated section 28-1-105. As a result, we affirm the trial court's order granting VUMC's motion to dismiss this action. All other issues are pretermitted.[4] The costs of this appeal are taxed to Clayton D. Richards, for which execution may issue if necessary.

_____
JEFFREY S. BIVINS, JUSTICE

---

[4] As a result of our holding on the Saving Statute issue, we need not address the argument that the provisions of Tennessee Code Annotated section 29-16-121(c) foreclose the application of multiple 120-day extensions.

- 8 -